NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

MYER RUGG, PETITIONER, v. DRIWOOD CORP., RESPONDENT.

Decided August 8, 1940.

For the petitioner, *S. Martin Mandon.*

For the respondent, *John W. Taylor* (by *Everitt Rhinehart*).

* * * * * * *

The facts in this case are briefly that on October 20th, 1939, petitioner in the course of his employment attempted to lift a partition section and while doing so was seized with a severe pain in the right side and back. This was about four

P. M. and he stopped active work but remained about the premises until four-thirty P. M., when he went home. At home that night he applied home remedies and feeling improved the next morning, Saturday, October 21st, 1939, he went into work. About a half hour after starting work, while applying heavy clamps to a panel in gluing the same together, he got a severe pain in the right groin and at about nine A. M. noticed a "ball" in his side at the site of the pain. He was compelled to rest for fifteen minutes and then resumed work with the aid of a helper furnished by the foreman at his request. He went home at noon and went to bed about two P. M. because of the pain which grew so severe that at seven P. M. his son summoned Dr. Paul C. Train, who on his arrival at eleven P. M. found petitioner acutely ill and suffering from a strangulated, right inguinal hernia. On the advice of this doctor petitioner entered The Jewish Hospital of Brooklyn on Sunday morning, October 22d, 1939, and underwent a herniotomy. Following this operation complications developed, namely retention of urine, infection of bladder and bronchial pneumonia. The petitioner remained at the hospital until January 13th, 1940, and was thereafter treated by Dr. Train until June 13th, 1940, when he was discharged and all treatment ceased. Medical and hospital bills have been submitted for allowance totaling $1,623.70, in addition to the claim for temporary disability and permanent disability fixed by petitioner's medical witness at ten per cent. total.

Respondent contends that the hernia occurred on Friday, October 20th, 1939, and as no descent was shown to have resulted until following the occurrence of the morning of October 21st, 1939, it is, therefore, not liable for the claim as the descent did not immediately follow the cause. However, I am of the opinion that the hernia did not occur until the morning of October 22d, 1939, and that the testimony supports a finding of a compliance with the five statutory requirements in a non-traumatic hernia such as this one is and do so determine.

Respondent makes the further claim that since the statute in such cases limits its liability for expenses incidental to the

operation and recovery to a sum not in excess of $150 it cannot be required to meet the total medical costs admitted to have been incurred in this case of $1,623.70. However, the medical expenses in this case were not entirely incidental to the operation and recovery therefrom but were in a large measure the result of the complications ensuing from the operation and, under the theory laid down by the Supreme Court in *Dunn* v. *Atlantic City*, 120 *N. J. L.* 141; 199 *Atl. Rep.* 5; *affirmed*, 121 *N. J. L.* 588; 3 *Atl. Rep.* (*2d*) 583, the respondent would be liable for the entire cost of medical treatment, as hereafter assessed, and all disability resulting from the original injury.

Respondent's medical expert maintained there was no permanent disability resulting from the original injury or consequent complications.

After a careful consideration of all the evidence and law involved I do find and determine:

That on October 22d, 1939, the petitioner sustained a non-traumatic right inguinal hernia arising out of and in course of his employment which meets all the statutory requirements for a hernia of that class and that as a result of the operation to correct said hernia petitioner sustained additional injury resulting in a temporary disability of thirty-three and six-sevenths weeks for the period October 21st, 1939, to and including January 13th, 1940, and permanent disability of five per cent. of total.

\*  \*  \*  \*  \*  \*  \*

It is, therefore, \* \* \* ordered that judgment final be entered in favor of the petitioner and against the respondent.

\*  \*  \*  \*  \*  \*  \*

HARRY H. UMBERGER,
*Deputy Commissioner.*